# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAHEED JENKINS,

      Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, *et al.*,

      Defendants.

No. 4:25-CV-01680

(Chief Judge Brann)

## MEMORANDUM OPINION

### APRIL 9, 2026

Plaintiff Waheed Jenkins filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations by officials at the State Correctional Institution in Coal Township, Pennsylvania (SCI Coal Township).  Jenkins' initial complaint was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief and he was granted leave to amend.  Jenkins timely filed an amended complaint, but his amended pleading likewise fails to state a Section 1983 claim.

## I.     BACKGROUND

During the events that underlie the instant lawsuit, Jenkins was incarcerated at SCI Coal Township.  It appears that shortly after filing his complaint, he was

---

[1]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

released from prison and moved to Bear, Delaware, where he currently resides.[2]

Jenkins is proceeding *in forma pauperis* in this action.[3]

Because Jenkins' amended complaint contains much fewer factual details than his original complaint, the Court will utilize the initial pleading to provide the appropriate background for the instant screening.[4]  According to Jenkins' original complaint, on July 25, 2025, he fell asleep on the top bunk in his cell and then rolled off, falling onto the floor.[5]  It appears that Jenkins hit his head during the fall, as he indicates that he did not know "what happened" and alleges that he injured his "head and back."[6]  Nurse Kevin Hall responded to the incident and administered Narcan, apparently believing that Jenkins was suffering from a heroin overdose.[7]

Jenkins was transferred to the infirmary and then to the Restricted Housing Unit (RHU), as he was facing a disciplinary investigation based on prison officials' (mistaken) belief that he had ingested narcotics.[8]  Jenkins alleges that he spent 15 days in the RHU during the investigation and was not released until his toxicology results came back negative.[9]

---

[2]   *See* Doc. 8.
[3]   *See* Docs. 4-7; 28 U.S.C. § 1915.
[4]   The Court will not rely on the original pleading to test the sufficiency of Jenkins' allegations.
[5]   Doc. 1 at 5.
[6]   *Id.*
[7]   *Id.* at 4, 5.
[8]   *Id.*
[9]   *Id.* at 5.

Jenkins lodged the instant Section 1983 complaint in this Court in September 2025.[10]  He initially sued four defendants: the Pennsylvania Department of Corrections (DOC), Nurse Kevin Hall, Corrections Officer Je. Shearn, and Superintendent Thomas McGinley.[11]  As best as the Court could discern, Jenkins appeared to be asserting an Eighth Amendment claim of deliberate indifference to serious medical needs and an Eighth Amendment "failure-to-protect" claim.[12]  He also potentially raised a Fourteenth Amendment procedural due process claim.[13]  The complaint, however, was unclear as to which Defendant or Defendants were targeted by each claim.[14]  Jenkins sought monetary damages of $20,000,000.[15]

The Court screened Jenkins' complaint under 28 U.S.C. § 1915A(a),[16] noting numerous pleading deficiencies.[17]  The Court first explained that Jenkins had failed to plead personal involvement for Superintendent McGinley.[18]  Next, the Court dismissed with prejudice the Section 1983 claims against the DOC, as the DOC is not a "person" subject to Section 1983 liability and any claim for money damages against the DOC was barred by Eleventh Amendment sovereign

---

[10]  *See generally* Doc. 1.
[11]  *Id.* at 2-3.
[12]  *See* Doc. 11 at 3.
[13]  *See id.*
[14]  *See id.*
[15]  *See* Doc. 1 at 5.
[16]  When Jenkins filed his initial complaint, he was incarcerated at SCI Coal Township, (*see* Doc. 1 at 2), so screening under 28 U.S.C. § 1915A(a) was appropriate.
[17]  *See generally* Doc. 11.
[18]  *See id.* at 5-7.

immunity.[19]  The Court dismissed the Eighth Amendment medical indifference claims because Jenkins had failed to plausibly allege deliberate indifference by any Defendant or that any Defendant's deliberate indifference caused him physical harm.[20]  Jenkins' official capacity claims were likewise dismissed, as official capacity claims seeking monetary damages against a state actor are barred by Eleventh Amendment sovereign immunity.[21]  The Court also dismissed with prejudice Jenkins' Fourteenth Amendment procedural due process claim, as he had not (and could not) identify a protected liberty interest that had been infringed by his 15-day stint in administrative segregation.[22]  Finally, the Court dismissed any Section 1983 claim asserted against "Je. Shearn," as Jenkins had not identified constitutional misconduct by Shearn or a plausible cause of action against this Defendant.[23]

The Court granted Jenkins leave to amend but specifically admonished that amendment would not be permitted with respect to his Section 1983 claims against the DOC, his Fourteenth Amendment procedural due process claim, any official capacity claim for money damages, or his unspecified Section 1983 claim against

---

[19]    *See id.* at 7-8.
[20]    *See id.* at 8-11.
[21]    *See id.* at 11-12.
[22]    *See id.* at 12-13.
[23]    *See id.* at 13-14.

4

Shearn.[24]  The Court additionally provided Jenkins with specific directions for amendment.[25]

Jenkins timely filed an amended complaint.[26]  As noted above, the amended complaint contains much fewer factual details, although it is based on the same July 2025 events described in the original complaint.[27]

In this version of his pleading, Jenkins again recounts that he was held in the RHU for 15 days until his toxicology report came back negative.[28]  His single allegation of purported wrongdoing is that "Grievance Coordinator" Amy Wheary "failed to give [him] a fair hearing," which allegedly caused him to "be denied parole/probation."[29]  He identifies this claim as implicating the Fourteenth Amendment's Due Process Clause.[30]  Jenkins also cites "Title 42 § 5523(1)" for a claim of "defamation of character" or "libel/slander."[31]  It is possible that he is referencing 42 PA. CONS. STAT. § 5523(1), which provides a one-year statute of limitations in Pennsylvania for a state-law tort claim of "libel, slander[,] or invasion of privacy."[32]  Thus, it is possible that Jenkins is attempting to assert a state-law tort claim for defamation, libel, or slander.

---

[24]  *See id.* at 14-15.
[25]  *See id.* at 15.
[26]  Doc. 13.
[27]  *See id.* at 3-4; Doc. 13-1 at 3, 5.
[28]  Doc. 13 at 3.
[29]  *Id.*
[30]  *See id.* at 2.
[31]  *See id.*
[32]  *See* 42 PA. CONS. STAT. § 5523(1).

Jenkins sues two defendants this time: the DOC and Amy Wheary.[33]  He again seeks compensatory and punitive damages.[34]  Once more his pleading fails to state a Section 1983 claim upon which relief may be granted.

## II.    STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case or claim "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[35]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[36]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[37]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[38]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint,

---

[33]  Doc. 13 at 1, 2.

[34]  *Id.* at 4.

[35]  28 U.S.C. § 1915(e)(2)(B)(ii).

[36]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[37]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[38]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

6

matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[39]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[40]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[41]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[42]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[43]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[44]

Because Jenkins proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[45]

---

[39]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[40]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[41]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[42]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[43]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[44]  *Iqbal*, 556 U.S. at 681.

[45]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

## III.   DISCUSSION

Upon review of Jenkins' abbreviated amended complaint, he fails to state a Section 1983 claim upon which relief may be granted.  The Court will address his pleading deficiencies in turn.

### A.   Claim(s) Against the DOC

During Section 1915A(a) screening, the Court dismissed Jenkins' claims against the DOC with prejudice, explaining that his claims for money damages could not be brought against the DOC because (1) the DOC is not a "person" subject to Section 1983 liability, and (2) those claims are barred by Eleventh Amendment sovereign immunity.  Jenkins (improperly) sues the DOC again, so the Court will once more explain why those claims fail.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[46]  Only "persons" are subject to suit under Section 1983, and entities such as state agencies, prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[47]

---

[46]   *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[47]   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir.

Jenkins, therefore, cannot sue the DOC under Section 1983 because the DOC is not a "person" subject to Section 1983 liability.[48]  Additionally, any claim against a state agency is akin to suing the state itself, and such claims are generally barred by Eleventh Amendment sovereign immunity.[49]  Accordingly, Jenkins' Section 1983 claim(s) for damages against the DOC will again be dismissed with prejudice, this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

## B.    Fourteenth Amendment Procedural Due Process Claim

It appears that Jenkins is attempting to reassert a Fourteenth Amendment procedural due process claim regarding his 15-day detention in the RHU while prison officials waited for his toxicology results.  That claim, too, was dismissed with prejudice during the Court's initial screening.  The Court will explain, once again, why Jenkins' procedural due process claim fails.

---

2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[48]    *See Fischer*, 474 F.2d at 992; *Foye*, 675 F. App'x at 215.

[49]    *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.

To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"[50]  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.[51]

Jenkins' due process claim is fatally flawed because he cannot identify a protected interest that is at stake.  The Supreme Court of the United States has held that disciplinary segregation alone—under conditions that mirror those "imposed upon inmates in administrative segregation and protective custody"—generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fourteenth Amendment.[52]  And the United States Court of Appeals for the Third Circuit has repeatedly held that disciplinary segregation for periods much longer than that which Jenkins experienced does not rise to the level of an atypical and significant hardship.[53]  Therefore, because Jenkins has not

---

[50]  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

[51]  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Hill*, 455 F.3d at 234-35.

[52]  *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).

[53]  *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); *Dunbar v. Barone*, 487 F. App'x 721, 725 (540 days).

identified a protected liberty interest that is at stake for his Fourteenth Amendment procedural due process claim, the analysis is at an end and this claim must be dismissed.

In his amended complaint, Jenkins alleges, in conclusory fashion, that Grievance Coordinator Amy Wheary "failed to give [him] a fair hearing," which he claims caused him to "be denied parole/probation."[54]  This single statement does not cure the problems with his due process claim.

First, it is entirely unclear what Jenkins means by this allegation.  In the preceding paragraph, he states that his misconduct was dismissed on day 15 of administrative segregation when his toxicology results came back negative.[55]  If his misconduct was dismissed, there would be no "hearing" on that disciplinary charge.  Second, Jenkins does not plausibly allege how a dismissed misconduct affected his parole process.  Third, Jenkins identifies Wheary as the prison's "Grievance Coordinator."[56]  The Grievance Coordinator—as the name suggests— handles inmate grievances under DC-ADM 804, which are separate and unconnected to formal prison disciplinary proceedings.[57]  Jenkins has not plausibly alleged or explained how the Grievance Coordinator played any role in the

---

[54]  Doc. 13 at 3.
[55]  *Id.*
[56]  *Id.*
[57]  *See* COMMONWEALTH OF PA., DEP'T OF CORR., INMATE GRIEVANCE SYS., Policy No. DC-ADM 804 § 1 (A)(5), (7)-(9)  (May 1, 2015), https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/804%20Inmate%20Grievances.pdf; Doc. 13-1 at 4.

misconduct or disciplinary proceedings.  Finally, to the extent that Jenkins is attempting to sue Wheary under Section 1983 for rejecting his grievance on procedural grounds,[58] it is well settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[59]

Jenkins, therefore, has again failed to plausibly allege a Fourteenth Amendment procedural due process claim.  This claim will be dismissed under Section 1915(e)(2)(B)(ii) as well.

### C.    State Law Claim

It is possible that Jenkins is attempting to assert a state-law tort claim of defamation, libel, or slander against Wheary.  If so, the Court expressly declines to exercise supplemental jurisdiction over this state-law claim because all federal claims have been dismissed from this action.[60]

---

[58]  *See* Doc. 13-1 at 4.

[59]  *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[60]  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (explaining general rule that if all federal claims are dismissed before trial, courts should likewise dismiss pendent state-law claims); *Shaffer v. Bd. of Sch. Dirs. Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (explaining that, absent "extraordinary circumstances," supplemental jurisdiction over state-law claims should be declined "where the federal claims are no longer viable" (citation omitted)).

**D.    Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[61]  Further leave to amend will be denied because Jenkins has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[62]  It is clear that Jenkins cannot plausibly allege a federal claim based on the July 2025 incident.

**IV.    CONCLUSION**

The Court will dismiss Jenkins' federal Section 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because he fails to state a claim upon which relief may be granted.  Further leave to amend will be denied.  The Court declines to exercise supplemental jurisdiction over any state-law claim Jenkins may be attempting to raise.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[61]    *Grayson*, 293 F.3d at 114.

[62]    *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").